# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAYNE FUXA and DANIEL FUXA, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. CIV-11-296-D ) |
| DENNIS S. MCFADDEN, D.O. | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 9]. Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), Defendant argues the Amended Complaint must be dismissed for failure to comply with the requirements of Okla. Stat. tit. 12 § 19(A)(2), Oklahoma's statute requiring the submission of an expert affidavit with a complaint alleging professional negligence by a physician. In response, Plaintiffs argue that an expert medical opinion supporting their claims and identifying specific acts of negligence was obtained prior to the commencement of this lawsuit, and Plaintiffs have provided Defendant with a copy of that report. Plaintiffs do not concede that compliance with the Oklahoma statute is a condition precedent to filing this action.[1]

However, Plaintiffs have also filed a Motion for Leave to File Third[2] Amended Complaint [Doc. No. 11]. In that motion, Plaintiffs argue that the failure to attach to their Amended Complaint the affidavit required by Okla. Stat. tit. 12 § 19(A)(2) may readily be cured by again amending the

---

[1]As Plaintiffs point out, Okla. Stat. tit. 12 §19 is the successor version of a previous Oklahoma statute which required an expert review and affidavit by counsel at the commencement of an action alleging medical negligence. However, that statute, Okla. Stat. tit. 63 § 1-1708 was held unconstitutional because, *inter alia*, it created an unconstitutional monetary barrier to free access to the courts. *See Zeier v. Zimmer*, 152 P. 3d. 861 (Okla. 2006). Plaintiffs suggest, without extensive argument, that Okla. Stat. tit. 12 §19 may be subject to a similar constitutional challenge.

[2]Although Plaintiffs reference a "Third" Amended Complaint, the proposed amended submission would be a Second Amended Complaint, as Plaintiffs previously filed a Complaint [Doc. No. 1] and an Amended Complaint [Doc. No. 4].

Complaint and attaching the required affidavit. In the Motion, Plaintiffs state that they have conferred with Defendant's counsel, who does not object to the filing of an amended complaint for this purpose.

The Court agrees with the parties that an additional amendment is the most expeditious means of resolving this matter. Accordingly, Plaintiffs' Motion [Doc. No. 11] is GRANTED, and Plaintiffs' Second Amended Complaint may be filed no later than ten (10) business days from the date of this Order. Defendant's response shall be due according to the deadline established by the Federal Rules of Civil Procedure. Defendant's Motion to Dismiss [Doc. No. 9] is denied as MOOT.

IT IS SO ORDERED this 4th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE